Filed 6/21/23  P. v. Brians CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ANTHONY BRIANS,<br><br>    Defendant and Appellant. | 2d Crim. No. B323941<br>(Super. Ct. No. 19F-07233)<br>(San Luis Obispo County) |

Michael Anthony Brians molested several young girls in his family over a period of nearly three decades.  After a jury convicted him of seven counts of committing lewd acts on a child under 14 years old (Pen. Code,[1] § 288, subd. (a)) and one count of sexually penetrating a child under 14 with a foreign object (§ 289, subd. (j)), the trial court ordered Brians to pay $475,000 in restitution for the noneconomic damages incurred by his victims: $50,000 for each year of abuse one of his victims was forced to

_____

[1] Statutory references are to the Penal Code.

endure, and $25,000 for each violation of section 288 committed against two other victims.  Brians contends these orders should be vacated because the court did not specify why it chose the $25,000 and $50,000 restitution baselines.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

At the restitution hearing, prosecutors moved the trial court to order Brians to pay $475,000 to his three victims for their "past and future psychological harm": $400,000 to B.D., or $50,000 per year of sexual abuse she endured; $50,000 to J.D., or $25,000 for each lewd act Brians committed against her; and $25,000 to K.D. for the lewd act Brians committed against her. Prosecutors said they decided on these figures based on the analysis in *People v. Smith* (2011) 198 Cal.App.4th 415 (*Smith*). They noted the restitution ordered in that case included losses the victim endured in the years after the defendant abused her. Here, in contrast, the requested restitution was based on the years during which Brians committed his crimes, even though "the sexual abuse did go on much longer."

The trial court considered the victims' trial testimony and the impact statements presented at sentencing when determining the appropriate amount of restitution.  B.D. said that Brians subjected her to "[r]epeated sexual acts, includ[ing] masturbation, mutual masturbation, oral copulation, digital penetration, and ultimately sexual intercourse" for more than 10 years.  He threatened to harm her, her family, or himself if she did not comply with his demands, and would "frequently brandish a weapon."

Brians started abusing J.D. when she was just eight or nine years old.  At the time of trial J.D. still "[didn't] think [she] ever really did" deal with the trauma caused by Brians's abuse.

2

K.D. was 10 or 11 when Brians abused her. Her memories of the abuse continue to surface—sometimes at random—forcing her to "keep herself away from people because she's afraid of . . . having . . . [a] breakdown." She also no longer likes to be touched physically.

Based on these statements, and "recognizing how difficult it is to quantify psychological harm," the trial court concluded that the restitution prosecutors requested was "not an overestimate." It ordered Brians to pay $400,000 in restitution to B.D., $50,000 to J.D., and $25,000 to K.D.

## DISCUSSION

Brians contends the restitution orders must be vacated because the trial court did not explain why it chose $25,000 and $50,000 baselines for the noneconomic damages his victims suffered. We disagree.

The California Constitution provides victims the right to restitution for losses caused by criminal defendants. (*Smith*, *supra*, 198 Cal.App.4th at p. 431; see Cal. Const., art. I, § 28, subd. (b)(13).) Pursuant to section 1202.4, subdivision (f), trial courts must order restitution "based on the amount of loss claimed by the victim or victims or *any other showing to the court*." (Italics added.) Restitution is generally limited to economic damages (*Smith*, at p. 431), but may also be ordered for noneconomic damages stemming from a defendant's violations of section 288 (§ 1202.4, subd. (f)(3)(F)). "Noneconomic damages are 'subjective, non-monetary losses including, but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, injury to reputation and humiliation.' " (*Smith*, at p. 431.)

3

We review a restitution order that includes noneconomic damages for abuse of discretion. (*Smith*, *supra*, 198 Cal.App.4th at p. 435.) "Under this standard, while a trial court has broad discretion to choose a method for calculating the amount of restitution, it must employ a method that is rationally designed to determine the . . . victim's . . . loss." (*People v. Giordano* (2007) 42 Cal.4th 644, 663-664.) The court must also "make a clear statement of the calculation method used and how that method justifies the amount ordered." (*Id.* at p. 664.) We will affirm the amount so long as it "does not, at first blush, shock the conscience or suggest passion, prejudice[,] or corruption on the part of the trial court." (*Smith*, at p. 436.)

There was no abuse of discretion here. The trial court cited each victim's testimony and the victim impact statements read at sentencing when determining restitution. Brians molested B.D. for nearly a decade, from the age of five or six through high school. He molested J.D. when she was eight to 10 years old, and K.D. when she was 10 to 13. Each of these victims continues to live in fear and experiences emotional and psychological trauma. Brians "ruined" their childhoods, and they continue to struggle with their personal relationships. Ordering restitution of $50,000 for each year of abuse B.D. endured and $25,000 for each lewd act committed against J.D. and K.D. would help compensate these victims for the psychological harm caused by Brians. The *Giordano* "clear statement" standard is met.

Without citing any authority, Brians complains that the trial court did not explain why it chose the restitution baselines it did, and that it instead should have connected "[t]he amount of restitution for noneconomic damages . . . to the cost of therapy, lost work, lost school, or any other type of treatment for the pain

4

and suffering, so that a reviewing court can determine whether the subjective reasoning of the trial court was reasonable." That is not the law. Section 1202.4 does not provide guidelines for setting the amount of noneconomic damages from sexual abuse, but instead permits them to be based on "any other showing" made to the court—such as a victim's testimony. Moreover, as the *Smith* court explained, because " '[n]o fixed standard exists for deciding the amount of these damages,' " a reviewing court must examine the restitution ordered and determine whether it " 'shocks the conscience and suggests passion, prejudice[,] or corruption.' " (*Smith, supra,* 198 Cal.App.4th at p. 436.) Neither $50,000 per year of abuse nor $25,000 per lewd act does so.

Our sister courts have upheld restitution orders with similar or even greater baselines for calculating noneconomic damages. In *Smith,* for example, the Court of Appeal upheld a restitution order requiring the defendant to pay $750,000 in noneconomic damages, concluding that it was a reasonable calculation based on the defendant's seven years of abuse and the years of psychological trauma that followed. (*Smith, supra,* 198 Cal.App.4th at pp. 436-437.) The court in *People v. Lehman* (2016) 247 Cal.App.4th 795, 803-804, upheld restitution orders with even greater baselines—nearly $100,000 per year of abuse each victim endured—based on the victims' testimony at trial, their impact statements, and probation report. The use of lower baselines here, tied solely to Brians's years of abuse and the lewd acts he committed, was not an abuse of discretion.

DISPOSITION

The trial court's restitution orders, entered September 12, 2022, are affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.

6

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.